# EXHIBIT B

DISTRICT CLERK OF
JEFFERSON CO TEXAS
4/13/2020 2:52 PM
JAMIE SMITH
DISTRICT CLERK
E-205602

CAUSE NO. E-205602

| | | |
|---|---|---|
| ASHLEY MOLFINO AND MARCELO MOLFINO | § § § | IN THE DISTRICT COURT OF |
| v. | § § | |
| UNITED PROPERTY & CASUALTY INSURANCE COMPANY, PROPERTY LOSS SPECIALIST, LLC, ASHLII B. FALCONER, MARSHA SANDERS, AND RALPH FAVELA, JR. | § § § § § § | JEFFERSON COUNTY, TEXAS

192nd JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Ashley Molfino and Marcelo Molfino ("**Plaintiffs**"), and file this Plaintiffs' Original Petition, complaining of Defendants United Property & Casualty Insurance Company, Property Loss Specialist, LLC, Ashlii B. Falconer, Marsha Sanders, and Ralph Favela, Jr. (hereinafter collectively referred to as "**Defendants**") and for cause of action would show the following:

### DISCOVERY

1.      Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs ask the court to order that discovery be conducted in accordance with a discovery control plan tailored to the circumstances of this suit.

### PARTIES

2.      Plaintiffs Ashley Molfino and Marcelo Molfino are individuals residing in Jefferson County, Texas.

3.      Defendant United Property & Casualty Insurance Company is an alien or foreign insurance company registered to engage in the business of insurance in Texas. This defendant may be served with process via certified mail, return receipt requested, by serving its registered agent,

CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3135, or wherever else it may be found.

4.      Defendant Property Loss Specialist, LLC is an alien or foreign insurance adjusting company and at all time material to the allegations in this Petition, has done business in Texas as an adjusting company. Pursuant to the Texas Long Arm Statute, this Defendant may be served with process via certified mail, return receipt requested, by serving its President or Any Other Officer, at 978 Park Street, Suite C, Oregon, Wisconsin 53575, or wherever else it may be found.

5.      Defendant Ashlii B. Falconer is an individual licensed to do, and at all time material to the allegations in this Petition has done, business in Texas as an adjuster.  This Defendant does not reside in Texas and has not appointed an agent for service of process.  Therefore, pursuant to the Texas Long Arm Statute, this Defendant may be served with personal process at her residence located at 992 Whisper Oak Drive, Leesburg, Florida 34748-4509, or wherever else she may be found.

6.      Defendant Marsha Sanders is an individual licensed to do, and at all time material to the allegations in this Petition has done, business in Texas as an adjuster.  This Defendant does not reside in Texas and has not appointed an agent for service of process.  Therefore, pursuant to the Texas Long Arm Statute, this Defendant may be served with personal process at her residence located at 9386 Labrador Run S, Mobile, Alabama 36695-6934, or wherever else she may be found.

7.      Defendant Ralph Favela, Jr. is an individual licensed to do, and at all time material to the allegations in this Petition has done, business in Texas as an adjuster.  This Defendant resides in Texas and may be served with personal process at his residence located at 12512 Tersk, San Antonio, Texas 78253-5773 or wherever else he may be found.

## JURISDICTION

8.      The court has jurisdiction over the cause because the amount in controversy is within the jurisdictional limits of the court. Plaintiffs are seeking monetary relief under $75,000,

including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees. Accordingly, there is no federal jurisdiction and this case is not removable to federal court. If Defendant improperly removes the case to federal court, Plaintiffs requests reasonable and necessary attorneys' fees for remanding the case.

9.      The court has jurisdiction over Defendant United Property & Casualty Insurance Company because this Defendant is a foreign insurance company that engages in the business of insurance in the State of Texas and Plaintiffs' causes of action arise out of this Defendant's business activities in the state of Texas.

10.     The court has jurisdiction over Defendants Property Loss Specialist, LLC, Ashlii B. Falconer, Marsha Sanders and Ralph Favela, Jr. because these Defendants engage in the business of adjusting insurance claims in the State of Texas, and Plaintiffs' causes of action arose out of these Defendants' business activities in the State of Texas.

## VENUE

11.     Venue in this cause is proper in Jefferson County because the insured property is situated in Jefferson County. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

12.     Plaintiffs are the owners of a Texas Homeowners' Insurance Policy (hereinafter referred to as "**the Policy**"), which was issued by United Property & Casualty Insurance Company (referred to herein as "**Insurance Company**").

13.     Plaintiffs owns the insured property, which is specifically located at 11150 Cole Drive, Beaumont, Texas 77705 (hereinafter referred to as "**the Property**").

14.     Insurance Company sold the Policy insuring the Property to Plaintiffs.

15.     On or about September 19, 2019, Plaintiffs sustained wind and water damage to the following areas of the Property due to a wind/rain storm (hereinafter referred to as **"the Storm"**):

Roof, Dining Room, Kitchen Hallway, Entry/Living Area, and Kitchen/Breakfast Area.  Plaintiffs filed a claim with their Insurance Company for the damages to their home caused by the Storm.

16.     Pursuant to the Policy, Plaintiffs asked that the Insurance Company pay for the damage to the Property.

17.     The Insurance Company, without requiring written notice of the claim from the Plaintiffs, assigned Defendants Property Loss Specialist, LLC ("**PLS"** or "**Adjusting Company"**), Ashlii B. Falconer ("**Falconer**"), Marsha Sanders ("**Sanders**"), and Ralph Favela, Jr. ("**Favela**") (Ashlii B. Falconer, Marsha Sanders, and Ralph Favela, Jr. referred to jointly hereinafter as **"Adjuster"**) as the adjuster and adjusting company to investigate Plaintiffs' claim. Adjuster, because of inadequate and improper instruction and training, failed to perform an investigation of Plaintiffs' claim that met the minimum standards of performance pursuant to industry standards, §§21.203 and 21.205 of the Texas Administrative Code, applicable law, or otherwise.

18.     Ashlii B. Falconer, Marsha Sanders, and Ralph Favela, Jr. were assigned to Plaintiffs' Claim by PLS and/or Insurance Company. Ashlii B. Falconer, Marsha Sanders, and Ralph Favela, Jr. were improperly trained by PLS and the Insurance Company and failed to perform a thorough review of the file before denying covered damages of the Claim.

19.     Specifically, Favela inspected the Property on September 27,2019 and prepared an estimate of the damages. Favela's estimate dated October 16, 2019 did not allow adequate funds to cover the cost of repairs to all the damages sustained. In fact, Favela's estimate incorrectly stated that "damages present on the roof were addressed on loss from hurricane Harvey and have not been repaired" and not estimate for any interior damages. This estimate was subsequently ratified and approved by Adjusting Company and Insurance Company.

20.     Instead of assigning another adjuster to inspect, Falconer, through her employment at Adjusting Company and Insurance Company, sent correspondence to Plaintiffs on October 22, 2019 stating the damages to the "damages noted on the roof, exterior and interior ceiling of your home are consistent with those that were present prior to this date of loss" and denied the claim. On December 3, 2019, Sanders sent another denial letter, which confirmed the denial from October 22, 2019 letter. The Insurance Company and PLS ratified and accepted this substandard inspection and estimate without question.

21.     Favela, Falconer, Sanders, and Insurance Company's estimate did not allow adequate funds to cover the cost of repairs to all the damages sustained.

22.     Favela's inadequate investigation and review of the file was relied upon by Falconer, Sanders, PLS, and the Insurance Company in this matter and resulted in the Claim being denied and/or underpaid.

23.     Falconer, Sanders, PLS and the Insurance Company's personnel failed to thoroughly review and properly oversee the work of their assigned adjuster Favela, ultimately approving an improper adjustment and inadequate, unfair settlement of Plaintiffs' Claim.

24.     This unreasonable investigation resulted in the considerable underpayment of Plaintiffs' Claim.

25.     Together, Defendants Insurance Company, Adjusting Company, and Adjuster set out to deny and underpay on properly covered damages. The Insurance Company failed to provide full coverage for the damages sustained by Plaintiffs, failed to fully scope the damages, and undervalued the damages it did account for, thus denying adequate and sufficient payment to Plaintiffs.

26.     The mishandling of the claim also caused a delay in Plaintiffs' ability to fully repair their home, which has resulted in additional damages. To this date, Plaintiffs have yet to receive full payment under the Insurance Policy.

27.     The Insurance Company ratified the Adjuster's and Adjusting Company's inadequate methods and investigation, resulting in Plaintiffs' claims being denied and underpaid. The unreasonable investigation of Plaintiffs' claim resulted in the considerable underpayment and wrongful denial of the claim. Plaintiffs have suffered actual damages resulting from Defendants' wrongful acts and omissions as set forth above and further described herein.

28.     The Insurance Company intentionally chose and adopted a business model that provided for retaining very few, if any, qualified adjusters as employees, and instead relied upon outside contractors to perform the Insurance Company's non-delegable duties of investigating claims in accordance with applicable Texas law.  In addition, the Insurance Company compensated its outside contractor adjusters by incentivizing them to exclude or artificially minimize the amount of storm-related damages payable under its policies, while forcing policyholders with such claims to self-perform material aspects of the claim investigation without training or instruction, and in express contravention to Texas law. Further, the Insurance Company had no or inadequate procedures in place to monitor or regularly audit the work product of its outside adjusters. Therefore, the Insurance Company was reasonably aware, or knew or should have known, that claims estimates generated by its adjusters, inclusive of the estimates at issue in this case, were wholly deficient by any measure under the contract and the law and likely to result in considerable underpayment and wrongful denial of storm-related claims, as occurred with Plaintiffs' claim.

29.     Moreover, Adjuster and Adjusting Company were aware that the Insurance Company was incentivizing them to minimize the amount of storm-related damages payable under

its policies, while forcing policyholders with such claims to self-perform material aspects of the claim investigation without training or instruction, and in express contravention to Texas law. Adjuster and Adjusting Company accepted these terms knowing that they would likely cause their inspections and resulting claims estimates to exclude or artificially minimize the amount of storm-related damages payable under its policies, while forcing policyholders with such claims to self-perform material aspects of the claim investigation without training or instruction, and in express contravention to Texas law.

30.     As detailed in the paragraphs below, Insurance Company wrongfully denied Plaintiffs' claim for repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, Insurance Company denied Plaintiffs' claim by not providing full coverage for the damages sustained by Plaintiffs.

31.     Insurance Company continues to delay paying Plaintiffs for the damages to the Property. As such, Plaintiffs have not been paid in full for the damages to their home.

32.     Insurance Company voluntarily assumed a non-contractual obligation to inspect and value Plaintiffs' damages, thereby causing its conduct to be governed by the applicable provisions of the Texas Insurance Code. However, it then failed to comply with its duties and obligations under the law for inspecting and valuing covered losses, and likewise failed to perform its contractual duty to adequately compensate Plaintiffs for monies owed to them under the Policy. More specifically, but without limitation, Insurance Company failed and refused to pay the full proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. As such, and as further described herein, Insurance Company's conduct in this regard constitutes both a violation of the applicable

provisions of the Texas Insurance Code, as well as a breach of the insurance contract between Insurance Company and Plaintiffs.

33.     Defendants Insurance Company, Adjusting Company, and Adjuster misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. As such, Defendants Insurance Company's, Adjusting Company's, and Adjuster's conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

34.     Defendants Insurance Company, Adjusting Company, and Adjuster failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. As such, Defendants Insurance Company's, Adjusting Company's, and Adjuster's conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS.  CODE §541.060(a)(2)(A).

35.     Defendants Insurance Company, Adjusting Company, and Adjuster failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants Insurance Company, Adjusting Company, and Adjuster did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. As such, Defendants Insurance Company's, Adjusting Company's and Adjuster's conduct in this regard is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

36.     Defendants Insurance Company, Adjusting Company, and Adjuster failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing

from Defendants Insurance Company, Adjusting Company, and Adjuster. As such, Defendants Insurance Company's, Adjusting Company's and Adjuster's conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4).

37.     Defendants Insurance Company, Adjusting Company, and Adjuster refused to fully compensate Plaintiffs under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants Insurance Company, Adjusting Company, and Adjuster performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses on the property. As such, Defendants Insurance Company's, Adjusting Company, and Adjuster's conduct in this regard constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(7).

38.     After receiving notice of Plaintiffs' claim, Defendant Insurance Company failed to meet its obligations under the Texas Insurance Code to timely and within the statutorily mandated time acknowledge Plaintiffs' claim, begin an investigation of Plaintiffs' claim and request all information reasonably necessary to investigate Plaintiffs' claim. As such, Insurance Company's conduct in this regard constitutes violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE §542.055.

39.     Insurance Company failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information. As such, Insurance Company's conduct in this regard constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims, TEX. INS. CODE §542.056.

40.     Insurance Company failed to meet its obligations under the Texas Insurance Code

regarding payment of claim without delay. Specifically, Insurance Company has delayed full payment of Plaintiffs' claim longer than allowed and, to date, Plaintiffs have not yet received full payment for their claim. As such, Insurance Company's conduct in this regard constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS.CODE §542.058.

41.     From and after the time Plaintiffs' claim was presented to Insurance Company, the liability of Insurance Company to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, Insurance Company has refused to pay Plaintiffs in full, despite there being no basis on which a reasonable insurance company would have relied on to deny the full payment. As such, Insurance Company's conduct in this regard constitutes a breach of the common law duty of good faith and fair dealing.

42.     Additionally, Defendants knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiffs.

43.     Defendants' wrongful acts and omissions, as further detailed herein, Plaintiffs were forced to retain the professional services of the attorneys and law firm who are representing them with respect to these causes of action.

## CAUSES OF ACTION

### CAUSES OF ACTION AGAINST
### DEFENDANT ADJUSTER AND ADJUSTING COMPANY

44.     In support of the causes of action set forth herein, Plaintiffs' incorporate by reference the allegations contained in the foregoing Paragraphs 1 through 43 as if fully set forth *verbatim*.

45.     Insurance Company assigned Adjusting Company and Adjuster to adjust the claim. Adjusting Company and Adjuster were improperly trained to handle claims of this nature and performed an unreasonable investigation of Plaintiffs' damages. During their investigation, Adjusting Company and Adjuster failed to properly assess Plaintiffs' damages.   Adjusting Company and Adjuster also omitted covered damages from their report. In addition, the damages that Adjusting Company and Adjuster failed to include in their estimate resulted in the improper denial of the claim.

46.     As such, Adjusting Company's and Adjuster's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

47.     Adjusters are each individually liable for their unfair and deceptive acts, irrespective of the fact he was acting on behalf of Insurance Company, because he is a "person" as defined by TEX. INS. CODE §541.002(2). The term "person" is defined as "any individual, corporation, association, partnership, reciprocal or inter-insurance exchange, Lloyds plan, fraternal benefit society, or other legal entity engaged in the business of insurance, including an agent, broker, ***adjustor*** or life and health insurance counselor." TEX. INS. CODE §541.002(2) (emphasis added). *See also, Liberty Mutual Insurance Co. v. Garrison Contractors, Inc.* 996 S.W.2d 482, 484 (Tex. 1998) (holding an insurance company employee to be a "person" for the purpose of bringing a cause of action against them under the Texas Insurance Code and subjecting them to individual liability).

48.     Falsehoods and misrepresentations may be communicated by actions as well as by the spoken word; therefore, deceptive conduct is equivalent to a verbal representation.  Adjusting Company's and Adjuster's misrepresentations by means of deceptive conduct include, but are not

limited to: (1) failing to conduct a reasonable inspection and investigation of Plaintiffs' damages; (2) stating that Plaintiffs' damages were less severe than they in fact were; (3) using their own statements about the non-severity of the damages as a basis for denying properly covered damages and/or underpaying damages; and (4) failing to provide an adequate explanation for the inadequate compensation Plaintiffs received. Adjusting Company's and Adjuster's unfair settlement practice, as described above and the example given herein, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

49.     Adjusting Company's and Adjuster's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(2)(A).

50.     Adjusting Company and Adjuster failed to explain to Plaintiffs the reason for their inadequate  settlement. Specifically, Adjusting Company and Adjuster failed to offer Plaintiffs adequate compensation without any explanation as to why full payment was not being made. Furthermore, Adjusting Company and Adjuster did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. The unfair settlement practice of Adjusting Company and Adjuster, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis as set forth in the Policy, in relation to the facts or applicable law, for the offer of a compromise settlement of Plaintiffs' claim, constitutes an unfair method of competition and an unfair and deceptive act or practice in the

business of insurance. TEX. INS. CODE §541.060(3).

51.     Adjusting Company's and Adjuster's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(4).

52.     Adjusting Company and Adjuster did not properly inspect the Property and failed to account for and/or undervalued many of Plaintiffs' exterior and interior damages, although reported by Plaintiffs. Defendants' unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(7).

CAUSES OF ACTION AGAINST
UNITED PROPERTY & CASUALTY INSURANCE COMPANY

53.     In support of the causes of action set forth herein, Plaintiffs' incorporate by reference the allegations contained in the foregoing Paragraphs 1 through 52 as if fully set forth *verbatim*.

54.     Insurance Company is liable to Plaintiffs for breach of contract, as well as intentional violations of the Texas Insurance Code and intentional breach of good faith and fair dealing.

**BREACH OF CONTRACT**

55.     Insurance Company's conduct constitutes a breach of the insurance contract made between Insurance Company and Plaintiffs.

56.     Insurance Company's failure and/or refusal, as described above, to pay the adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of Insurance Company's insurance contract with Plaintiffs.

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
## UNFAIR SETTLEMENT PRACTICES

57.     Insurance Company's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

58.     Insurance Company's unfair settlement practice, as described above, of misrepresenting to Plaintiffs material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(1).

59.     Insurance Company's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though Insurance Company's liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(2(A).

60.     Insurance Company's unfair settlement practice, as described above, of failing to promptly provide Plaintiffs with a reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for its offer of a compromise settlement of the claim, constitutes an unfair method of competition and un unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(3).

61.     Insurance Company's unfair settlement practice, as described above, of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs, or to submit a reservation of rights to Plaintiffs, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(4).

62.     Insurance Company's unfair settlement practice, as described above, of refusing to pay Plaintiffs' claim without conducting a reasonable investigation, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(7).

## NONCOMPLIANCE WITH TEXAS INSURANCE CODE:
## THE PROMPT PAYMENT OF CLAIMS

63.     Insurance Company's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

64.     Insurance Company's failure to acknowledge receipt of Plaintiffs' claim, commence investigation of the claim, and request from Plaintiffs all items, statements, and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and a violation of the TEX. INS. CODE §542.055.

65.     Insurance Company's failure to notify Plaintiffs in writing of its acceptance or rejection of the claim within the applicable time constraints, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.056.

66.     Insurance Company's delay of the payment of Plaintiffs' claim following its receipt of all items, statements and forms reasonably requested and required, as described above, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## ACTS CONSTITUTING ACTING AS AGENT

67.     In support of the causes of action set forth herein, Plaintiffs incorporates by reference the allegations contained in the foregoing Paragraphs 1 through 66 as if fully set forth *verbatim*.

68.     Adjusting Company and Adjuster are agents of Insurance Company based on their acts during the handling of this claim, including inspections, adjustments, and aiding in adjusting a loss for or on behalf of the Insurance Company. TEX. INS. CODE §4001.051.

69.     Separately, and/or in the alternative, as referenced and described above, Insurance Company ratified the actions and conduct of Adjusting Company and Adjuster, including the completion of their duties under the common and statutory law.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

70.     In support of the causes of action set forth herein, Plaintiffs' incorporate by reference the allegations contained in the foregoing Paragraphs 1 through 69 as if fully set forth *verbatim*.

71.     Insurance Company's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to Plaintiffs in their Policy.

72.     Insurance Company's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiffs' claim, although at that time, Insurance Company knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## KNOWLEDGE

73.     In support of the causes of action set forth herein, Plaintiffs incorporates by reference the allegations contained in the foregoing Paragraphs 1 through 72 as if fully set forth *verbatim*.

74.     All of the acts described above, together and singularly, were done "knowingly" as that term is used in the Texas Insurance Code and was a producing cause of Plaintiffs' damages described herein.

## DAMAGES

75.     In support of the causes of action set forth herein, Plaintiffs incorporates by reference the allegations contained in the foregoing Paragraphs 1 through 74 as if fully set forth *verbatim*.

76.     Plaintiffs would show that all the acts as alleged herein, taken together or singularly, constitute the producing cause of the damages sustained by Plaintiffs.

77.     As previously mentioned, the damages have not been properly addressed or repaired, causing further damages to the Property while also causing undue hardship and burden to Plaintiffs. These damages are a direct result of Defendants mishandling of Plaintiffs' claim in violation of the laws set forth above.

78.     For breach of contract, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of their claim, together with attorneys' fees.

79.     For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorneys' fees. For knowing conduct of the acts complained of, Plaintiffs are entitled to three times their actual damages. TEX. INS. CODE §541.152.

80.     For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of their claim, as well as the prejudgment interest, penalty interest pursuant to Chapter 542.060(c), cost, together with attorneys' fees. TEX. INS. CODE §542.060.

81.     For breach of common law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs, economic hardship, losses due to nonpayment of the amount the Insurance Company owed, exemplary damages and damages for emotional distress.

82.     For fraud, Plaintiffs are entitled to recover actual damages and exemplary damages for knowing fraudulent and malicious representations, along with attorneys' fees, interest, and court costs.

83.     For the prosecution and collection of this claim, Plaintiffs have been compelled to engage the services of the attorneys whose names are subscribed to this pleading. Therefore, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

## JURY DEMAND

84.     Plaintiffs hereby request that all causes of actions alleged herein be tried before a jury consisting of citizens residing in Jefferson County, Texas. Plaintiffs are tendering the appropriate jury fee.

## CONDITIONS PRECEDENT

85.     All conditions precedent to Plaintiffs' claim for relief have been performed or has occurred. This includes, but is not limited to, providing notice pursuant to Texas Insurance Code 542A.

## REQUEST FOR DISCLOSURE

86.     Under Texas Rule of Civil Procedure 194, Plaintiffs request that Defendants disclose, within 50 days of the service of this request, the information or material described in Rule 194.2(a)-(l) and Rule 190.2(b)(6).

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that Defendants be cited to appear and answer herein, and that upon trial hereof, said Plaintiffs have and recover such sums as would reasonably and justly compensate them in accordance with the rules of law and procedure, both as to actual damages, treble damage under the Texas Insurance Code, all punitive and exemplary damages as may be found and reasonable and necessary attorneys' fees. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court, for prejudgment and post-judgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves to be justly entitled.

(signature block following)

18

Respectfully Submitted,

**RAMSEY LAW**

*/s/ Michael R. Ramsey*
Michael R. Ramsey
State Bar No.16520200
Randal G. Cashiola, Of Counsel
State Bar No. 03966802
Katherine D. Ramsey
State Bar No. 24070469
6280 Delaware Street, Ste A
Beaumont, Texas 77706
T: 409.444.2020
F: 409.444-2021
ramseydocket@ramseylaw.com

**ATTORNEYS FOR PLAINTIFFS**



FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
4/13/2020 2:52 PM
JAMIE SMITH
DISTRICT CLERK
D-205602

JAMIE SMITH
JEFFERSON COUNTY DISTRICT CLERK
1085 PEARL STREET, ROOM 203, BEAUMONT,TX 77701

# REQUEST FOR PROCESS

All sections <u>must</u> be completed for processing this request.

**Section 1:**

Cause No. _____     Date _____ 4/13/2020

Style:

Ashley Molfino and Marcelo Molfino

VS

United Property & Casualty Insurance Company, Property Loss Specialist, LLC, Ashlii Falconer, Marsha Sanders and Ralph Favela, Jr.

**Section 2:**

Check Process Type:

☑ Citation      ☐ Precept to Serve / Notice of Hearing/Notice to Show Cause

☐ Temporary Restraining Order

☐ Application for Protective Order / Temporary (Ex Parte) Protective Order

☐ Notice of Registration of Foreign Judgment   ☐ Citation by Posting

☐ Writ of_____   ☐ Other_____

☐ Citation by Publication*- Newspaper: _____

☐ Check box if you would like the District Clerk's Office to make copies for your service. ($1.00 per page per pleading for copies for service)

**Section 3:**

Title of Document/Pleading to be attached for service:_____

     Plaintiffs' Original Petition

Note: You must furnish <u>one copy</u> of the document/pleading for <u>each</u> party served.

**Section 4:** PARTIES TO BE SERVED (Please type or print):

1. Name: United Property & Casualty Insurance Company - Registered Agent CT Corporation System

  Address: 1999 Bryan Street, Ste. 900

  City: Dallas          State: Texas          Zip: 75201-3135

2. Name: Property Loss Specialist, LLC

  Address: 978 Park Street, Ste. C

  City: Oregon          State: Wisconsin          Zip: 53575



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office
May 28, 2020
JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS
Jamie Smith Page 1 of 2

3. Name: Ashlii B. Falconer

Address: 992 Whisper Oak Drive

City: Leesburg   State: Florida   Zip: 34748-4509

4. Name: Marsha Sandres

Address: 9386 Labrador Run S

City: Mobile   State: Alabama   Zip: 36695-6094

5. Name: Ralph Favela, Jr.

Address: 12512 Tersk

City: San Antonio   State: Texas   Zip: 78253-5773

---

Section 5

## Check Service Type:

☐ No Service                ☐ Secretary of State

☐ Sheriff                   ☐ Commissioner of Insurance

☐ Constable Pct.            ☐ Out of County

☐ Out of State             ☑ Private Process   ☐ Other

☐ Certified Mail

---

Section 6 (ONLY if Section 7 does not apply)

## Attorney Name: Mike Ramsey

## Address: 6280 Delaware Ste. A

| Beaumont | Street/P.O. Box Texas | 77706 |
|---|---|---|
| City | State | Zip |

Attorney's Telephone No. 409-444-2020   Attorney's Bar No. 16520200

---

Section 7 (ONLY if Section 6 does not apply)

## Pro-Se Name:

Address:

| | | |
|---|---|---|
| City | State | Zip |

Telephone No.

---

Section 8

## Check Delivery Type:

☐ Hold for Pick up   ☐ Mail to Attorney

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

May 28, 2020

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Jamie Smith   Page 2 of 2

**\*C0205602---00011\***

C0205602---00011

CITATION

# THE STATE OF TEXAS

## No. E-0205602

### ASHLEY MOLFINO ET AL
### VS. UNITED PROPERTY AND CASUALTY INSURANCE COMPANY ET

## CITATION

### 172nd JUDICIAL DISTRICT COURT
### of JEFFERSON COUNTY, TEXAS

To:   **UNITED PROPERTY AND CASUALTY INSURANCE COMPANY**
**BY SERVING ITS REGISTERED AGENT**
**CT COPORATION SYSTEM**

by serving at:
**1999 BRYAN STREET**
**SUITE 900**
**DALLAS, TX    75201-3135**

**DEFENDANT:**

NOTICE:

       You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  Said answer may be filed by mailing same to:  District Clerk's Office, 1085 Pearl, Room 203, Beaumont, TX 77701, (or if the case is designated as an E-file case, E-file through Lexis Nexis file and serve) or by bringing it to the office.  The case is presently pending before the 172nd District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 13th day of April, 2020.  It bears cause number E-0205602 and is styled:

Plaintiff:

**ASHLEY MOLFINO ET AL**
VS.
**UNITED PROPERTY AND CASUALTY INSURANCE COMPANY ET**

Defendant:

The name and address of the attorney for plaintiff (or plaintiff if pro se) is:

       **RAMSEY, MICHAEL R, Atty.**
       **6280 DELAWARE STREET SUITE A**
       **BEAUMONT, TX   77706 0**

The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's PETITION (PLAINTIFF'S ORIGINAL)   accompanying this citation and made a part thereof.

Issued under my hand and the seal of said court, at Beaumont, Texas, this the 14th day of April, 2020.

                               JAMIE SMITH, DISTRICT CLERK
                               JEFFERSON COUNTY, TEXAS

                               BY *Valencia Simpson* Deputy

**I CERTIFY THIS IS A TRUE COPY**
Witness my Hand and Seal of Office

**May 28, 2020**

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

*Jamie Smith* Page 1 of 2

Valencia

## RETURN OF SERVICE

E-0205602                172nd JUDICIAL DISTRICT COURT

ASHLEY MOLFINO ET AL

UNITED PROPERTY AND CASUALTY INSURANCE COMPANY ET

Executed when copy was delivered:

This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of _____, 20_____.

_____, Officer

_____, County, Texas

By: _____, Deputy

**ADDRESS FOR SERVICE**:
UNITED PROPERTY AND CASUALTY INSURANCE COMPANY
BY SERVING ITS REGISTERED AGENT
1999 BRYAN STREET
SUITE 900
DALLAS, TX 75201 3135

## OFFICER'S RETURN

Came to hand on the _____ day of _____, 20____, at _____, o'clock ____.m., and executed in _____, County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Citation at the following times and places, to-wit:

| **Name** | **Date/Time** | **Place, Course and Distance from Courthouse** |
| --- | --- | --- |
| _____ | _____ | _____ |

And not executed as to the defendant(s),  _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

**FEES:**
Serving Petition and Copy  $_____
Total                              $_____

_____, Officer

_____, County, Texas

By: _____, Deputy

_____
Affiant

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve, a citation shall sign and return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my address is _____.

(First, Middle, Last)

(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____, County, State of _____, on the _____ day of _____.

_____
Declarant/Authorized Process Server

_____
(Id # expiration of certification)

**I CERTIFY THIS IS A TRUE COPY**
Witness my Hand and Seal of Office

**May 28, 2020**

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

*Jamie Smith*
Page 2 of 2

**\*C0205602---00012\***

C0205602---00012

CITATION

# THE STATE OF TEXAS

## No.  E-0205602

## ASHLEY MOLFINO ET AL
## VS.  UNITED PROPERTY AND CASUALTY INSURANCE COMPANY ET

## CITATION

## 172nd JUDICIAL DISTRICT COURT
## of JEFFERSON COUNTY, TEXAS

To:   **PROPERTY LOSS SPECIALIST LLC**

by serving at:
**978 PARK STREET
SUITE C
OREGON, WI     53575**                                                                 **DEFENDANT:**

NOTICE:

      You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  Said answer may be filed by mailing same to:  District Clerk's Office, 1085 Pearl, Room 203, Beaumont, TX 77701, (or if the case is designated as an E-file case, E-file through Lexis Nexis file and serve)  or by bringing it to the office.  The case is presently pending before the 172nd District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 13th day of April, 2020.   It bears cause number E-0205602 and is styled:

                                                              Plaintiff:

      **ASHLEY MOLFINO ET AL**

VS.

      **UNITED PROPERTY AND CASUALTY INSURANCE COMPANY ET**

                                                              Defendant:

      The name and address of the attorney for plaintiff (or plaintiff if pro se) is:

              **RAMSEY, MICHAEL R, Atty.
              6280 DELAWARE STREET SUITE A
              BEAUMONT, TX   77706 0**

      The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's PETITION (PLAINTIFF'S ORIGINAL)   accompanying this citation and made a part thereof.

      Issued under my hand and the seal of said court, at Beaumont, Texas, this the 14th day of April, 2020.

                                  JAMIE SMITH, DISTRICT CLERK
                                  JEFFERSON COUNTY, TEXAS

                              BY  *Valencia Simpson*  Deputy

**I CERTIFY THIS IS A TRUE COPY**
Witness my Hand and Seal of Office

**May 28, 2020**

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

*Jamie Smith*  Page 1 of 2

Valencia

## RETURN OF SERVICE

E-0205602                    172nd JUDICIAL DISTRICT COURT

ASHLEY MOLFINO ET AL

UNITED PROPERTY AND CASUALTY INSURANCE COMPANY ET

Executed when copy was delivered:

This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of _____, 20____.

_____, Officer

_____, County, Texas

By: _____, Deputy

**ADDRESS FOR SERVICE**:
PROPERTY LOSS SPECIALIST LLC

978 PARK STREET
SUITE C
OREGON, WI 53575 0000

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 20____, at _____, o'clock ____.m., and executed in _____, County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Citation at the following times and places, to-wit:

| **Name** | **Date/Time** | **Place, Course and Distance from Courthouse** |
|---|---|---|
| _____ | _____ | _____ |

And not executed as to the defendant(s),  _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

**FEES:**

Serving Petition and Copy  $_____

Total                           $_____

_____, Officer

_____, County, Texas

By: _____, Deputy

_____

Affiant

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve, a citation shall sign and return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my address is
                        (First, Middle, Last)
_____.

(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____, County, State of _____, on the _____ day of _____.

_____

Declarant/Authorized Process Server

_____

(Id # expiration of certification)

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

**May 28, 2020**

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

Jamie Smith
Page 2 of 2

**\*C0205602---00013\***

C0205602---00013

CITATION

# THE STATE OF TEXAS

## No.  E-0205602

### ASHLEY MOLFINO ET AL
### VS.  UNITED PROPERTY AND CASUALTY INSURANCE COMPANY ET

### CITATION

## 172nd JUDICIAL DISTRICT COURT
## of JEFFERSON COUNTY, TEXAS

To:   **FALCONER, ASHLII B**

by serving at:
**992 WHISPER OAK DRIVE**
**LEESBURG, FL     34748-4509**

**DEFENDANT:**

NOTICE:

        You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  Said answer may be filed by mailing same to:  District Clerk's Office, 1085 Pearl, Room 203, Beaumont, TX 77701, (or if the case is designated as an E-file case, E-file through Lexis Nexis file and serve) or by bringing it to the office.  The case is presently pending before the 172nd District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 13th day of April, 2020.   It bears cause number E-0205602 and is styled:

Plaintiff:

        **ASHLEY MOLFINO ET AL**
    VS.
        **UNITED PROPERTY AND CASUALTY INSURANCE COMPANY ET**

Defendant:

    The name and address of the attorney for plaintiff (or plaintiff if pro se) is:

        **RAMSEY, MICHAEL R, Atty.**
        **6280 DELAWARE STREET SUITE A**
        **BEAUMONT, TX   77706 0**

    The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's PETITION (PLAINTIFF'S ORIGINAL)   accompanying this citation and made a part thereof.

    Issued under my hand and the seal of said court, at Beaumont, Texas, this the 14th day of April, 2020.

                    JAMIE SMITH, DISTRICT CLERK
                    JEFFERSON COUNTY, TEXAS

                    BY  *Valencia Simpson*   Deputy

**I CERTIFY THIS IS A TRUE COPY**
Witness my Hand and Seal of Office

**May 28, 2020**

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

*Jamie Smith* Page 1 of 2

Valencia

## RETURN OF SERVICE

E-0205602                172nd JUDICIAL DISTRICT COURT

ASHLEY MOLFINO ET AL

UNITED PROPERTY AND CASUALTY INSURANCE COMPANY ET

Executed when copy was delivered:

This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of _____, 20____.

_____, Officer

_____, County, Texas

By: _____, Deputy

**ADDRESS FOR SERVICE**:
FALCONER, ASHLII B

992 WHISPER OAK DRIVE

LEESBURG, FL 34748 4509

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 20____, at _____, o'clock ____.m., and executed in _____, County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Citation at the following times and places, to-wit:

| **Name** | **Date/Time** | **Place, Course and Distance from Courthouse** |
|---|---|---|
| _____ | _____ | _____ |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

**FEES:**

Serving Petition and Copy  $_____

Total                $_____

_____, Officer

_____, County, Texas

By: _____, Deputy

_____
Affiant

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve, a citation shall sign and return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my address is _____.
              (First, Middle, Last)

(Street, City, Zip)
I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____, County, State of _____, on the _____ day of _____.

_____
Declarant/Authorized Process Server

_____
(Id # expiration of certification)

**I CERTIFY THIS IS A TRUE COPY**
Witness my Hand and Seal of Office

**May 28, 2020**

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

*Jamie Smith*
Page 2 of 2

**\*C0205602---00014\***

C0205602---00014

CITATION

# THE STATE OF TEXAS

## No. E-0205602

### ASHLEY MOLFINO ET AL
### VS. UNITED PROPERTY AND CASUALTY INSURANCE COMPANY ET

### CITATION

## 172nd JUDICIAL DISTRICT COURT
## of JEFFERSON COUNTY, TEXAS

To:    SANDERS, MARSHA

by serving at:
**9386 LABRADOR RUN S**
**MOBILE, AL    36695**                                                    **DEFENDANT:**

NOTICE:

You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  Said answer may be filed by mailing same to:  District Clerk's Office, 1085 Pearl, Room 203, Beaumont, TX 77701, (or if the case is designated as an E-file case, E-file through Lexis Nexis file and serve) or by bringing it to the office.  The case is presently pending before the 172nd District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 13th day of April, 2020.   It bears cause number E-0205602 and is styled:

Plaintiff:

**ASHLEY MOLFINO ET AL**

VS.

**UNITED PROPERTY AND CASUALTY INSURANCE COMPANY ET**

Defendant:

The name and address of the attorney for plaintiff (or plaintiff if pro se) is:

**RAMSEY, MICHAEL R, Atty.**
**6280 DELAWARE STREET SUITE A**
**BEAUMONT, TX   77706 0**

The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's PETITION (PLAINTIFF'S ORIGINAL)   accompanying this citation and made a part thereof.

Issued under my hand and the seal of said court, at Beaumont, Texas, this the 14th day of April, 2020.

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

BY  *Valencia Simpson*   Deputy

**I CERTIFY THIS IS A TRUE COPY**
Witness my Hand and Seal of Office

**May 28, 2020**

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

*Jamie Smith*  Page 1 of 2

Valencia

## RETURN OF SERVICE

E-0205602                172nd JUDICIAL DISTRICT COURT

ASHLEY MOLFINO ET AL

UNITED PROPERTY AND CASUALTY INSURANCE COMPANY ET

Executed when copy was delivered:

This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of _____, 20_____.

_____, Officer

_____, County, Texas

By: _____, Deputy

**ADDRESS FOR SERVICE**:
SANDERS, MARSHA

9386 LABRADOR RUN S

MOBILE, AL 36695 0000

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 20____, at _____, o'clock _____.m., and executed in _____, County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Citation at the following times and places, to-wit:

| **Name** | **Date/Time** | **Place, Course and Distance from Courthouse** |
|---|---|---|
| _____ | _____ | _____ |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being: 

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

**FEES:**

Serving Petition and Copy  $_____

Total                              $_____                    _____, Officer

_____, County, Texas

By: _____, Deputy

_____

Affiant

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer of authorized person who serves, or attempts to serve, a citation shall sign and return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my address is
           (First, Middle, Last)

_____.

(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____, County, State of _____, on the _____ day of _____.

_____

Declarant/Authorized Process Server

_____

(Id # expiration of certification)

**I CERTIFY THIS IS A TRUE COPY**
Witness my Hand and Seal of Office

**May 28, 2020**

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

*Jamie Smith*

Page 2 of 2

*C0205602---00015*

C0205602---00015

CITATION

# THE STATE OF TEXAS

## No. E-0205602

### ASHLEY MOLFINO ET AL
### VS. UNITED PROPERTY AND CASUALTY INSURANCE COMPANY ET

## CITATION

## 172nd JUDICIAL DISTRICT COURT
## of JEFFERSON COUNTY, TEXAS

To:   **FAVELA, RALPH JR**

by serving at:
**12512 TERSK**
**SAN ANTONIO, TX     78253-5773**                                          **DEFENDANT:**

NOTICE:

    You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  Said answer may be filed by mailing same to:  District Clerk's Office, 1085 Pearl, Room 203, Beaumont, TX 77701, (or if the case is designated as an E-file case, E-file through Lexis Nexis file and serve) or by bringing it to the office.  The case is presently pending before the 172nd District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 13th day of April, 2020.   It bears cause number E-0205602 and is styled:

                                                                                      Plaintiff:

**ASHLEY MOLFINO ET AL**

VS.

**UNITED PROPERTY AND CASUALTY INSURANCE COMPANY ET**

                                                                                      Defendant:

    The name and address of the attorney for plaintiff (or plaintiff if pro se) is:

            **RAMSEY, MICHAEL R, Atty.**
            **6280 DELAWARE STREET SUITE A**
            **BEAUMONT, TX   77706 0**

    The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's PETITION (PLAINTIFF'S ORIGINAL)   accompanying this citation and made a part thereof.

    Issued under my hand and the seal of said court, at Beaumont, Texas, this the 14th day of April, 2020.

                        JAMIE SMITH, DISTRICT CLERK
                        JEFFERSON COUNTY, TEXAS

                        BY  *Valencia Simpson*      Deputy



**I CERTIFY THIS IS A TRUE COPY**     Valencia
Witness my Hand and Seal of Office

**May 28, 2020**

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

*Jamie Smith*   Page 1 of 2

## RETURN OF SERVICE

E-0205602                172nd JUDICIAL DISTRICT COURT

ASHLEY MOLFINO ET AL

UNITED PROPERTY AND CASUALTY INSURANCE COMPANY ET

Executed when copy was delivered:

This is a true copy of the original citation, was delivered to defendant _____, on the _____ day of

_____, 20____.

_____, Officer

_____, County, Texas

By: _____, Deputy

**ADDRESS FOR SERVICE:**
**FAVELA, RALPH JR**

 12512 TERSK

SAN ANTONIO, TX 78253 5773

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 20____, at _____, o'clock ____.m., and executed in

_____, County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation

with the date of delivery endorsed thereon, together with the accompanying copy of the Citation at the following times and places, to-wit:

| **Name** | **Date/Time** | **Place, Course and Distance from Courthouse** |
|---|---|---|
| _____ | _____ | _____ |

And not executed as to the defendant(s), _____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

**FEES:**

Serving Petition and Copy  $_____

Total                                $_____

_____, Officer

_____, County, Texas

By: _____, Deputy

_____

Affiant

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF THE COURT.

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve, a citation shall sign and return. The signature is not required to be verified. If the return is signed by a person other than a sheriff, constable or the clerk of the court, the return shall be signed under penalty of perjury and contain the following statement:

"My name is _____, my date of birth is _____, and my address is

_____ (First, Middle, Last) _____.

(Street, City, Zip)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FORGOING IS TRUE AND CORRECT.

Executed in _____, County, State of _____, on the _____ day of _____.

_____

Declarant/Authorized Process Server

_____

(Id # expiration of certification)

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

**May 28, 2020**

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

Jamie Smith
Page 2 of 2

 CT Corporation

**Service of Process Transmittal**
04/29/2020
CT Log Number 537603788

**TO:**     JOHN HENLEY
UPC Insurance (NASDAQ: UIHC)
800 2ND AVENUE SOUTH
SAINT PETERSBURG, FL 33701

**RE:**     **Process Served in Texas**

**FOR:**    United Property & Casualty Insurance Company  (Domestic State: FL)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ASHLEY MOLFINO AND MARCELO MOLFINO, PLTFS. vs. UNITED PROPERTY & CASUALTY INSURANCE COMPANY, ET AL., DFTS. // TO: UNITED PROPERTY AND CASUALTY INSURANCE COMPANY<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | . |
| **COURT/AGENCY:** | None Specified<br>Case # E205602 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 04/29/2020 postmarked on 04/27/2020 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780105200625<br><br>Image SOP<br><br>Email Notification, Legal Department  LAWSUIT@upcinsurance.com<br><br>Email Notification, Tracey Reed  treed@upcinsurance.com<br><br>Email Notification, Gilbert Rodriguez  grodriguez@upcinsurance.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>8020 Excelsior Dr Ste 200<br>Madison, WI 53717-1998 |
| **For Questions:** | 877-467-3525<br>SmallBusinessTeam@wolterskluwer.com |

Page 1 of  1 / KN

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

*WUSA-CM2 - 124 10/18*

*1-UP Laser Form*

stamps.com

CERTIFIED MAIL

CERTIFIED MAIL

9414 7118 9956 2107 0039 31

$7.400
US POSTAGE
FIRST-CLASS
FROM 77701
04/27/2020
stamps
endicia

0625000816592

CT CORPORATION SYSTEM
1999 BRYAN STREET SUITE 900
DALLAS TX 75201-3140

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
5/22/2020 5:42 PM
JAMIE SMITH
DISTRICT CLERK
E-205602

## CAUSE NO:  E-205602

| | | |
|---|---|---|
| ASHLEY MOLFINO | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| | § | |
| VS. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| | § | |
| UNITED PROPERTY & CASUALTY | § | |
| INSURANCE COMPANY, | § | |
| PROPERTY LOSS SPECIALIST, LLC | § | |
| ASHLII B. FALCONER, MARSHA | § | |
| SANDERS, AND RALPH FAVELA, JR. | § | 172ND JUDICIAL DISTRICT |

### DEFENDANT UNITED PROPERTY & CASUALTY INSURANCE COMPANY'S SPECIAL EXCEPTION AND ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION WITH REQUEST FOR DISCLOSURES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, UNITED PROPERTY & CASUALTY INSURANCE COMPANY, Defendant in the above-entitled and numbered cause, and files this, its *Special Exception and Original Answer to Plaintiff's Original Petition with Request for Disclosures,* and would respectfully show unto the Court the following:

### I.
### SPECIAL EXCEPTION

1.     Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY ("UPC" or "Defendant") asserts a *Special Exception* to Plaintiff ASHLEY MOLFINO's *Original Petition* for failure to comply with Rule 47(c) of the Texas Rules of Civil Procedure. *See* TEX. R. CIV. P. 47(c).

2.     In relevant part, Rule 47 states the following:

"*An original pleading which sets forth a claim for relief, whether an original petition, counterclaim, cross-claim, or third party claim, shall contain:*

Certified Document Number
Witness my Hand and Seal of Office
May 28, 2020

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

4829-5441-8106.1

. . .

**(c)      except in suits governed by the Family Code, a statement that the party seeks:**

> **(1)only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees; or**
> **(2)monetary relief of $100,000 or less and non-monetary relief; or**
> **(3)monetary relief over $100,000 but not more than $200,000; or**
> **(4)monetary relief over $200,000 but not more than $1,000,000; or**
> **(5)monetary relief over $1,000,000; . . .**

TEX. R. CIV. P. 47 (emphasis added).

2.      Rule 47 further states that "[u]pon special exception the court shall require the pleader to amend so as to specify the maximum amount claimed. A party that fails to comply with (c) may not conduct discovery until the party's pleading is amended to comply." Tex. R. Civ. P. 47.(emphasis added).

3.      In her *Original Petition*, Plaintiff states that she is "seeking monetary relief under $75,000, including damages of any kind, penalties, costs, expenses, pre judgment interest, and attorney's fees. *Plaintiff's Original Petition*, Par. 8. However, Plaintiff also alleges that "[f]or noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the Policy, mental anguish, court costs, and attorneys' fees. For knowing conduct of the acts complained of, Plaintiffs are entitled to three times their actual damages. TEX. INS. CODE §541.152." Id., Par. 75. Plaintiff's Original Petition is not a suit governed by the Family Code, and does not contain the statement on damages required by Rule 47(c).

4.      Accordingly, Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY respectfully requests the Court to grant its *Special Exception*, and enter an Order

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

May 28, 2020

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

Jamie Smith        Page 2 of 6

4829-544        2

requiring Plaintiff to amend her Petition to comply with Rule 47(c) of the Texas Rules of Civil Procedure; and to suspend Plaintiff's ability to conduct discovery until the Petition is properly amended.

## II.
## GENERAL DENIAL

5.      Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY ("UPC" or "Defendant") asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and requests that Plaintiff ASHLEY MOLFINO ("MOLFINO" or "Plaintiff") be required to prove her charges and allegations against UPC by a preponderance of the evidence as is required by the Constitution and law of the State of Texas.

## III.
## DEFENSES

6.      Defendant UPC denies that the required conditions precedent were performed and/or occurred.

7.      The damages allegedly sustained by Plaintiff may have been the result of actions or omissions of individuals over whom UPC had no control, including but not limited to Plaintiff, therefore, UPC is not liable to Plaintiff.

8.      Defendant UPC issued a policy of insurance to Plaintiff ASHLEY MOLFINO, (the "Policy"), and UPC adopts its terms, conditions and exclusions as if copied *in extenso*.

9.      The Policy does not cover wear and tear, marring, deterioration, mechanical breakdown, latent defect, inherent vice or any quality in property that causes it to damage or destroy itself.

10.     The Policy does not cover damages which occurred prior to policy inception.

11.     The Policy does not cover claims or damages arising out of workmanship, repairs



I CERTIFY THIS IS A TRUE COPY
witness my Hand and Seal of Office

May 28, 2020

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

*Jamie Smith*
Page 3 of 6

4829-544...061                                    3

or lack of repairs arising from damage which occurred prior to policy inception.

12.     The Policy requires direct, physical loss.

13.     UPC is entitled to any credits or set-offs for prior payments by itself or other third parties.

14.     To the extent that Plaintiff's damages are determined to be the result of a failure by Plaintiff to take reasonable steps to mitigate the loss, those damages are not recoverable.

15.     Plaintiff's extra-contractual claims alleging bad faith fail because a *bona fide* controversy existed and continues to exist concerning Plaintiff's entitlement, if any, to insurance benefits.

16.     To the extent that all statutory and policy requisites have not been satisfied, this suit is premature.

17.     Plaintiff's extra-contractual claims alleging bad faith fail because a finding of the existence of coverage for Plaintiff's underlying insurance claim is necessary to establish any basis for Plaintiff's extra-contractual Texas Insurance Code claims.   Because Plaintiff's allegations are generally based on UPC's alleged failure to investigate the claim and pay policy benefits, the existence of any applicable exclusions precludes Plaintiff's extra-contractual, Texas Insurance Code claims.

**IV.**
**REQUEST FOR DISCLOSURES**

18.     Pursuant to Rule 194, Plaintiff is requested to disclose the information or material described in Rule 194 of the Texas Rules of Civil Procedure.



**I CERTIFY THIS IS A TRUE COPY**
Witness my Hand and Seal of Office

**May 28, 2020**

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

*Jamie Smith* Page 4 of 6

4829-5445-9361.1

4

## V.
## <u>PRAYER FOR RELIEF</u>

WHEREFORE, PREMISES CONSIDERED, Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY prays the Court enter an order requiring Plaintiff ASHLEY MOLFINO to amend her petition to comply with Rule 47(c) of the Texas Rules of Civil Procedure; and to suspend Plaintiff's ability to conduct discovery until she amends her Petition in compliance with Rule 47(c).  Defendant also prays that Plaintiff take nothing by her suit, that Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY recovers costs, and for such other and further relief, both at law and in equity, to which Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY may be justly entitled.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

/ s / Sarah Smith
Sarah R. Smith
Texas Bar No:  24056346
Gene M. Baldonado
Texas Bar No. 24071065
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Phone: (713) 659-6767
Fax:    (713) 759-6830
sarah.smith@lewisbrisbois.com
gene.baldonado@lewisbrisbois.com

ATTORNEYS FOR DEFENDANT
UNITED PROPERTY & CASUALTY
INSURANCE COMPANY



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

May 28, 2020

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Jamie Smith Page 5 of 6

4829-544          5

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the above pleading was served on all counsel of record by electronic filing, certified mail, and/or facsimile on this 22nd day of May, 2020.

Michael R. Ramsey                                          *Via Eservice*
Katherine D. Ramsey
Randal G. Cashiola, Of Counsel
RAMSEY LAW
6280 Delaware St., Suite A
Beaumont, Texas 77706
ramseydocket@ramseylaw.com

ATTORNEYS FOR PLAINTIFF
ASHLEY MOLFINO

                                          _/s/ Sarah R. Smith_____
                                          Sarah R. Smith



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

May 28, 2020

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

**CAUSE NO:  E-205602**

| | | |
|---|---|---|
| **ASHLEY MOLFINO** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| | § | |
| | § | |
| **VS.** | § | **JEFFERSON COUNTY, TEXAS** |
| | § | |
| | § | |
| **UNITED PROPERTY & CASUALTY** | § | |
| **INSURANCE COMPANY,** | § | |
| **PROPERTY LOSS SPECIALIST, LLC** | § | |
| **ASHLII B. FALCONER, MARSHA** | § | |
| **SANDERS, AND RALPH FAVELA, JR.** | § | **172ND JUDICIAL DISTRICT** |

## PROPOSED ORDER GRANTING UNITED PROPERTY & CASUALTY INSURANCE COMPANY'S SPECIAL EXCEPTION TO PLAINTIFF'S ORIGINAL PETITION

On this day, the Court considered Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY's *Special Exception to Plaintiffs' Original Petition*, and the Court finds that Defendant's *Special Exception* should be SUSTAINED.

Plaintiff ASHLEY MOLFINO is hereby ORDERED to file an amended petition in compliance with Rule 47(c) of the Texas Rules of Civil Procedure.

It is also ordered that Plaintiff may not conduct discovery until Plaintiff files an amended petition in compliance with Rule 47(c) of the Texas Rules of Civil Procedure.

SIGNED _____ day of _____, 20__.

_____

JUDGE PRESIDING

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
5/22/2020 6:10 PM
JAMIE SMITH
DISTRICT CLERK
E-205602

CAUSE NO:  E-205602

| | | |
|---|---|---|
| ASHLEY MOLFINO | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| | § | |
| VS. | § | JEFFERSON COUNTY, TEXAS |
| | § | |
| | § | |
| UNITED PROPERTY & CASUALTY | § | |
| INSURANCE COMPANY, | § | |
| PROPERTY LOSS SPECIALIST, LLC | § | |
| ASHLII B. FALCONER, MARSHA | § | |
| SANDERS, AND RALPH FAVELA, JR. | § | 172ND JUDICIAL DISTRICT |

## DEFENDANT UNITED PROPERTY & CASUALTY INSURANCE COMPANY'S ELECTION OF LEGAL RESPONSIBILITY UNDER SECTION 542A.006 OF THE TEXAS INSURANCE CODE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY, and files its Election of Legal Responsibility Under Section 542A.006 of the Texas Insurance Code ("Election") as follows:

### I.
### RELEVANT BACKGROUND

1.     Plaintiff ASHLEY MOLFINO ("Plaintiff" or "MOLFINO") filed claim 19TX00004676 with UNITED PROPERTY & CASUALTY INSURANCE COMPANY ("UPC") for damages she allegedly sustained on or about September 19, 2019.  Claim number 19TX00004676 was adjusted by one or more adjusters at UPC's request, including Defendants PROPERTY LOSS SPECIALIST, LLC ("PLS"), ASHLII B. FALCONER ("FALCONER"), MARSHA SANDERS ("SANDERS"), and RALPH FAVELA, JR. ("FAVELA").  For purposes of this Election, PLS, FALCONER, SANDERS, and FAVELA are considered UPC's "agents"

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

May 28, 2020

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

under Texas Insurance Code, Section 542A.001, which defines the term "agent" as an employee, agent, representative, or adjuster who performs any act of UPC's behalf.

2.      On April 13, 2020, Plaintiff filed this action on claim number 19TX00004676, naming as Defendants, UPC, PLS, FALCONER, SANDERS, and FAVELA.

## II.
## ELECTION

3      Under section 542A.006(a) of the Texas Insurance Code, UPC hereby elects to accept legal responsibility for whatever liability Defendants PROPERTY LOSS SPECIALIST, LLC, ASHLII B. FALCONER, MARSHA SANDERS, and RALPH FAVELA, JR. might have to Plaintiff for their acts or omissions related to claim number 19TX00004676, and by this pleading, Plaintiff is provided written notice of UPC's Election.

## III.
## DISMISSAL OF DEFENDANTS WITH PREJUDICE

4.      Under section 542A.006(c) of the Texas Insurance Code and based on UNITED PROPERTY & CASUALTY INSURANCE COMPANY'S Election, this Court "shall dismiss" this action against Defendants PROPERTY LOSS SPECIALIST, LLC, ASHLII B. FALCONER, MARSHA SANDERS, and RALPH FAVELA, JR. with prejudice.   Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY hereby requests the Court enter all such documents necessary to effectuate this dismissal with prejudice and are filing a proposed order simultaneously herewith.

FOR THESE REASONS, Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY prays that this Election be filed with the records of this cause, and that Defendants PROPERTY LOSS SPECIALIST, LLC, ASHLII B. FALCONER, MARSHA SANDERS, and RALPH FAVELA, JR. be dismissed from this action with prejudice as

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

May 28, 2020

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

DISTRICT CLERK OF JEFFERSON COUNTY, TEXAS

4836-3810-    Jamie Smith    Page 2 of 3

mandated under Chapter 542A of the Texas Insurance Code, and for all other and further relief to which this Court deems UNITED PROPERTY & CASUALTY INSURANCE COMPANY entitled.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

_/ s / Sarah Smith_
Sarah R. Smith
Texas Bar No:  24056346
Gene M. Baldonado
Texas Bar No. 24071065
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Phone: (713) 659-6767
Fax:   (713) 759-6830
sarah.smith@lewisbrisbois.com
gene.baldonado@lewisbrisbois.com
ATTORNEYS FOR DEFENDANT UNITED PROPERTY & CASUALTY INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument was served on all counsel of record by electronic filing, certified mail, and/or facsimile on this 22nd day of May, 2020.

Michael R. Ramsey                                   _**Via Eservice**_
Katherine D. Ramsey
Randal G. Cashiola, Of Counsel
RAMSEY LAW
6280 Delaware St., Suite A
Beaumont, Texas 77706
ramseydocket@ramseylaw.com

ATTORNEYS FOR PLAINTIFF
ASHLEY MOLFINO



Sarah R. Smith



I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

**May 28, 2020**

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

4836-3810-0196.1                                        Page 3 of 3

CAUSE NO:  E-205602

| | | |
|---|---|---|
| **ASHLEY MOLFINO** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| | § | |
| | § | |
| **VS.** | § | **JEFFERSON COUNTY, TEXAS** |
| | § | |
| | § | |
| **UNITED PROPERTY & CASUALTY** | § | |
| **INSURANCE COMPANY,** | § | |
| **PROPERTY LOSS SPECIALIST, LLC** | § | |
| **ASHLII B. FALCONER, MARSHA** | § | |
| **SANDERS, AND RALPH FAVELA, JR.** | § | **172ND JUDICIAL DISTRICT** |

### PROPOSED ORDER OF DISMISSAL OF DEFENDANTS PROPERTY LOSS SPECIALIST, LLC, ASHLII B. FALCONER, MARSHA SANDERS, AND RALPH FAVELA, JR.

On this day came before the Court, the *Election of Legal Responsibility Under Section 542A.006 of the Texas Insurance Code* (the "Election") filed by Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY.   UNITED PROPERTY & CASUALTY INSURANCE COMPANY has elected to accept legal responsibility in the manner required under 542A.006 of the Texas Insurance Code.

It is therefore **ORDERED, ADJUSTED AND DECREED** that all claims and causes of action brought against Defendants PROPERTY LOSS SPECIALIST, LLC, ASHLII B. FALCONER, MARSHA SANDERS, and RALPH FAVELA, JR.  in the above referenced cause are hereby **DISMISSED** with prejudice to refiling of the same.  Any and all relief sought against Defendants PROPERTY LOSS SPECIALIST, LLC, ASHLII B. FALCONER, MARSHA SANDERS, and RALPH FAVELA, JR. not contained herein is hereby **DENIED** with prejudice.

It is further **ORDERED** that costs of court herein and any related claim or cause of action brought against Defendants PROPERTY LOSS SPECIALIST, LLC, ASHLII B. FALCONER, MARSHA SANDERS, and RALPH FAVELA, JR.  shall be borne by the party incurring same.

SIGNED this_____ day of _____, 20__.


_____
JUDGE PRESIDING

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
5/28/2020 11:55 AM
00205602---00015
JAMIE SMITH
DISTRICT CLERK
E-205602



CITATION

## THE STATE OF TEXAS

No. E-0205602

## ASHLEY MOLFINO ET AL
## VS. UNITED PROPERTY AND CASUALTY INSURANCE COMPANY ET

### CITATION

## 172nd JUDICIAL DISTRICT COURT
## of JEFFERSON COUNTY, TEXAS

To:   FAVELA, RALPH JR

by serving at:
**12512 TERSK**
**SAN ANTONIO, TX   78253-5773**

DEFENDANT:

NOTICE:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Said answer may be filed by mailing same to: District Clerk's Office, 1085 Pearl, Room 203, Beaumont, TX 77701, (or if the case is designated as an E-file case, E-file through Lexis Nexis file and serve) or by bringing it to the office. The case is presently pending before the 172nd District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 13th day of April, 2020. It bears cause number E-0205602 and is styled:

Plaintiff:

**ASHLEY MOLFINO ET AL**

VS.

**UNITED PROPERTY AND CASUALTY INSURANCE COMPANY ET**

Defendant:

The name and address of the attorney for plaintiff (or plaintiff if pro se) is:

**RAMSEY, MICHAEL R, Atty.**
**6280 DELAWARE STREET SUITE A**
**BEAUMONT, TX   77706 0**

The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's PETITION (PLAINTIFF'S ORIGINAL) accompanying this citation and made a part thereof.

Issued under my hand and the seal of said court, at Beaumont, Texas, this the 14th day of April, 2020.

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

BY  _Valencia Simpson_   Deputy

Valencia

**I CERTIFY THIS IS A TRUE COPY**
Witness my Hand and Seal of Office

May 28, 2020

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS
_Jamie Smith_  Page 1 of 2

CTH: 4/27/20 @ 9:30 Am

IN THE 172ND JUDICIAL DISTRICT

JEFFERSON COUNTY, TEXAS

CAUSE NO. E-0205602

ASHLEY MOLFINO, ET AL

VS

UNITED PROPERTY AND CASUALTY INSURANCE COMPANY

# RETURN

Came to my hand:   4/27/20   , at   9:30   o'clock   A.M.  , the following specified documents:

- **Citation**
- **Plaintiff's Original Petition**
- **Request for Disclosure**
- **Jury Demand**

**and executed by me on 04/28/2020 @ 07:08 o'clock P.M., at, 12514 TERSK, SAN ANTONIO, TX 78253 within the county of BEXAR, by delivering to RALPH FAVELA, JR., in person, a true copy of the above specified documents having first endorsed on such copy the date of delivery.**

The above-named defendant/respondent indicated that he/she is not an active member of the armed forces of the United States of America

I am over the age of 18, not a party to nor interested in the outcome of the above numbered suit, and I declare under penalty of perjury that the foregoing is true and correct.

By: Rick Pena

PSC NO:  12846

Expiration Date: 8/31/2020
ASSURED CIVIL PROCESS AGENCY
5926 Balcones Dr. Ste. 290, Austin, TX 78731

STATE OF TEXAS}

VERIFICATION

Before me, a notary public, on this day personally appeared the above named Authorized person, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements/facts therein contained are within his/her personal knowledge and experience to be true and correct.  Given under my hand and seal of office on this the 13 day of May , 2020

Notary Public

JUSTIN SANTANA
Notary Public, State of Texas
My Comm. Exp. May 28, 2023
No. 13189512-7

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

Jamie Smith
Page 2 of 2

FILED
DISTRICT CLERK OF
JEFFERSON CO TEXAS
3/28/2020 11:59 AM
JAMIE SMITH  E-205602---00014
DISTRICT CLERK
E-205602

CITATION

## THE STATE OF TEXAS

### No. E-0205602

## ASHLEY MOLFINO ET AL
## VS. UNITED PROPERTY AND CASUALTY INSURANCE COMPANY ET

### CITATION

## 172nd JUDICIAL DISTRICT COURT
## of JEFFERSON COUNTY, TEXAS

To:   SANDERS, MARSHA

by serving at:
9386 LABRADOR RUN S
MOBILE, AL    36695

DEFENDANT:

NOTICE:

    You have been sued.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.  Said answer may be filed by mailing same to:  District Clerk's Office, 1085 Pearl, Room 203, Beaumont, TX 77701, (or if the case is designated as an E-file case, E-file through Lexis Nexis file and serve)  or by bringing it to the office.  The case is presently pending before the 172nd District Court of Jefferson County sitting in Beaumont, Texas, and was filed on the 13th day of April, 2020.  It bears cause number E-0205602 and is styled:

Plaintiff:

VS.

    ASHLEY MOLFINO ET AL

    UNITED PROPERTY AND CASUALTY INSURANCE COMPANY ET

Defendant:

The name and address of the attorney for plaintiff (or plaintiff if pro se) is:

    RAMSEY, MICHAEL R, Atty.
    6280 DELAWARE STREET SUITE A
    BEAUMONT, TX   77706.0

The nature of the demands of said plaintiff is shown by a true and correct copy of Plaintiff's PETITION (PLAINTIFF'S ORIGINAL)  accompanying this citation and made a part thereof.

Issued under my hand and the seal of said court, at Beaumont, Texas, this the 14th day of April, 2020.

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

BY  _Valencia Simpson_  Deputy

Valencia

I CERTIFY THIS IS A TRUE COPY
Witness my Hand and Seal of Office

May 28, 2020

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY ,TEXAS

_Jamie Smith_   Page 1 of 2

CTH: 4/27/20 @ 9:45 AM

IN THE 172nd JUDICIAL DISTRICT COURT
COUNTY OF JEFFERSON, STATE OF TEXAS

CAUSE NO.  E-0205602

ASHLEY MOLFINO, ET AL
VS.
UNITED PROPERTY AND CASUALTY
INSURANCE COMPANY, ET AL

RETURN

Came to my hand:  4 / 27 /2020, at  9:45     o'clock  A .M., the following specified
documents:

- Citation
- Plaintiff's Original Petition (w/ Request for Disclosure and Jury Demand)

Executed by me on:  5/1/2020, at 4:00 o'clock P.M.,

Executed at 9386 Labrado Run S., Mobile, AL 36695, within the county of Mobile, by
delivering to MARSHA SANDERS, in person, a true copy of the above specified civil
process, having first endorsed on such copy the date of delivery.

My name is JOAN MOORER.  My date of birth is  11 / 4 / 1972 , and my address is
130 Inverness Plaza, Ste. 500, Birmingham, AL 35242, U.S.A.

I declare under penalty of perjury that the foregoing is true and correct. Executed in
 Baldwin         County, State of ___Alabama___, on the  6th  day of  May      , 2020.

_Joan Moorer_
JOAN MOORER
c/o ASSURED CIVIL PROCESS AGENCY



**I CERTIFY THIS IS A TRUE COPY**
Witness my Hand and Seal of Office

May 28, 2020

JAMIE SMITH, DISTRICT CLERK
JEFFERSON COUNTY, TEXAS

_Jamie Smith_ Page 2 of 2

**For documents, declarations, and orders in regards to COVID-19, click the link below. Monitor local news sources for continuing updates.**

COVID-19 Related Documents and Declarations
(https://co.jefferson.tx.us/documents/Coronavirus%20Docs/coronavirusdocs.htm)



# District Clerk Online

Welcome, **Gener Baldonado**! My Transactions (TransactionHistory.aspx) | Log Off (LogOff.aspx)

Back to Case Results (CaseSearchResults.aspx)

**Civil Case '205602' documents:**

| Document Number | Document Name | Document Pages | Document Date | Add To Cart |
|---|---|---|---|---|
| 2203787 (Document.aspx?PRJ=CIV&DN=2203787) | PETITION (PLAINTIFFS ORIGINAL) | 19 | 04/13/2020 | Add To Cart |
| 2203788 (Document.aspx?PRJ=CIV&DN=2203788) | CIVIL PROCESS FORM | 2 | 04/21/2020 | Add To Cart |
| 2203789 (Document.aspx?PRJ=CIV&DN=2203789) | RECEIPT | 1 | 04/13/2020 | Add To Cart |
| 2203804 (Document.aspx?PRJ=CIV&DN=2203804) | RETENTION LETTER | 2 | 04/13/2020 | Add To Cart |
| 2203922 (Document.aspx?PRJ=CIV&DN=2203922) | CITATION | 2 | 04/14/2020 | Add To Cart |
| 2203923 (Document.aspx?PRJ=CIV&DN=2203923) | CITATION | 2 | 04/14/2020 | Add To Cart |
| 2203924 (Document.aspx?PRJ=CIV&DN=2203924) | CITATION | 2 | 04/14/2020 | Add To Cart |
| 2203925 (Document.aspx?PRJ=CIV&DN=2203925) | CITATION | 2 | 04/14/2020 | Add To Cart |

| | | | | |
|---|---|---|---|---|
| 2203926 (Document.aspx? PRJ=CIV&DN=2203926) | CITATION | 2 | 04/14/2020 | Add To Cart |
| 2212177 (Document.aspx? PRJ=CIV&DN=2212177) | ANSWER | 6 | 05/27/2020 | Add To Cart |
| 2212178 (Document.aspx? PRJ=CIV&DN=2212178) | RECEIPT | 1 | 05/27/2020 | Add To Cart |
| 2212180 (Document.aspx? PRJ=CIV&DN=2212180) | DISMISSNONSUIT (MOTION) | 3 | 05/27/2020 | Add To Cart |
| 2212189 (Document.aspx? PRJ=CIV&DN=2212189) | RECEIPT | 1 | 05/27/2020 | Add To Cart |
| 2212349 (Document.aspx? PRJ=CIV&DN=2212349) | CITATION (RETURN) | 2 | 05/27/2020 | Add To Cart |
| 2212353 (Document.aspx? PRJ=CIV&DN=2212353) | CITATION (RETURN) | 2 | 05/27/2020 | Add To Cart |
| 2212356 (Document.aspx? PRJ=CIV&DN=2212356) | RECEIPT | 1 | 05/27/2020 | Add To Cart |
| 2212358 (Document.aspx? PRJ=CIV&DN=2212358) | RECEIPT | 1 | 05/27/2020 | Add To Cart |
| << < Page 1 of 1 > >> | | | | |

Home (Home.aspx)

Reset Password (ResetPassword.aspx)

Change Email (ChangeEmail.aspx)